## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER L. MAK, and WILLIAM R. NEIDIG, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| MOUNT AIRY #1, LLC d/b/a MOUNT AIRY CASINO RESORT, | *ELECTRONICALLY FILED* |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Jennifer L. Mak and William R. Neidig ("Plaintiffs"), individually, and on behalf of all others similarly situated, bring this Class and Collective Action Complaint against Mount Airy #1, LLC d/b/a Mount Airy Casino Resort ("Defendant"), and hereby state and allege as follows:

## INTRODUCTION

1.    Plaintiffs and all other similarly situated employees work or worked for Defendant at Defendant's Mount Airy Casino Resort.

2.    Pursuant to its casino-wide policies and procedures, Defendant failed to pay Plaintiffs, and other similarly situated employees, the federal and state minimum wage rate for all hours worked and overtime for all hours worked over 40

1

in a single workweek. There are four unlawful practices underpinning Plaintiffs' claims.

3.      First, Defendant paid Plaintiffs and other similarly situated workers a sub-minimum wage rate plus tips from casino patrons. In other words, Defendant purports to claim a tip credit against its federal and state minimum wage obligations (and overtime obligations). But, Defendant failed to properly inform its tipped employees of the required tip credit provisions under both federal and state law prior to paying a sub-minimum direct cash wage. As a result, Defendant may not claim a tip credit and owes Plaintiffs and similarly situated workers the difference between their direct cash wage and the applicable minimum wage for all hours worked. Likewise, because Defendant paid a sub-minimum wage and claimed a tip credit for both regular and overtime hours, the failure to give tip credit notice gives rise to both unpaid minimum wages and overtime wages.

4.      Second, Defendant has created a mandatory tip pooling policy by which it requires its table games dealers to pool their tips and then, in violation of federal and state law, distribute those tips to the table games dealers who earned them as well as to pay the Paid Time Off ("PTO") of certain non-tipped, manager and supervisor employees. This second category of workers—called "dual rate supervisors" or sometimes "dual rate dealers"—work in a dual jobs role. On the one hand, they work as table games dealers. On the other hand, they work as floor

supervisors whose primary job responsibility is to supervise the dealers. Although the dealer role is a tipped, sub-minimum wage role, the floor supervisor role is a non-tipped, manager role associated with a significantly higher hourly wage rate. The PTO accrued by these dual rate supervisors is not segregated between the tipped dealer job and non-tipped, supervisory floor supervisor job. As a result, when Defendant pays PTO to dual rate supervisors from the dealers' tip pool, they are using dealer tips to pay the PTO earned by dual rate supervisors in a non-tipped, supervisory capacity. This practice violates the express language of the FLSA (and thus, corresponding state law) prohibiting tip pooling whereby employees "who customarily and regularly receive tips" share tips with non-tipped employees who do not. *See* 29 U.S.C. § 203(m)(2)(A)(ii); 34 Pa. Code § 231.112. It also runs afoul of the FLSA provision that prohibits employers from keeping any portion of employees' tips, "including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 34 Pa. Code § 231.112.

5.     Third, Defendant used a timeclock rounding policy, procedure, and practice that resulted, over a period of time, in the failure to compensate its employees properly for all time worked, resulting in minimum wage and overtime violations.

6.     Finally, Defendant miscalculated its employees' regular rate of pay for overtime purposes, resulting in unpaid overtime compensation.

7.    Defendant's systemic violation of federal and state wage laws was willful.

8.    Plaintiffs, on behalf of themselves others similarly situated, bring this lawsuit as: (a) a collective action under the FLSA, 29 U.S.C. §§ 201, *et seq*., to recover unpaid minimum and overtime wages owed to Plaintiffs and other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Pennsylvania state law, including the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1, *et seq.*, to recover unpaid minimum, overtime, and contractual wages owed to Plaintiffs and other similarly situated workers employed by Defendant.  Plaintiffs' Consents to Join necessary for the collective action aspect of this lawsuit are attached to this Complaint as **Exhibit A**.

## JURISDICTION AND VENUE

9.    This Court has federal question jurisdiction over the FLSA claims of Plaintiffs and all others similarly situated based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  It further has supplemental jurisdiction over the state law claims of Plaintiffs and all others similarly situated based on 28 U.S.C. § 1367, in that the state law claims are so related to the FLSA claims that they form part of the same case or controversy.

10.     Additionally, this Court has subject matter jurisdiction over the state law claims at issue in this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000.00, exclusive of interest, attorneys' fees, and costs; and (3) Defendant and at least one class member are citizens of different states.

11.     This Court has personal jurisdiction over Defendant because Defendant is authorized to do business and regularly conducts business in Pennsylvania, and the claims of Plaintiffs and the collective members they seek to represent arose within the state of Pennsylvania. Additionally, Defendant has its principal place of business in Pennsylvania and is therefore subject to general jurisdiction in the state.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

13.     Plaintiff Mak is a resident of Cresco, Pennsylvania.     From approximately September 2022 through July 2023, Plaintiff Mak was employed by Defendant at its casino resort property located at 312 Woodland Road, Mount Pocono, Pennsylvania 18344.  During her employment, Plaintiff Mak worked as a table games dealer, which is a tipped, hourly, non-exempt position.

5

14.    Plaintiff Neidig is a resident of Whitehall, Pennsylvania. From approximately September 2020 through April 2024, Plaintiff Neidig was employed by Defendant at its casino resort property located at 312 Woodland Road, Mount Pocono, Pennsylvania 18344. During his employment, Plaintiff Neidig worked as both a table games dealer, which is a tipped, hourly, non-exempt position, and as a dual rate supervisor.

15.    Defendant is a limited liability company organized under the laws of the State of Pennsylvania. Defendant is registered to do business and does conduct business in the State of Pennsylvania. Specifically, Defendant operates a casino resort property located in Mount Pocono, Pennsylvania.

16.    At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

17.    At all relevant times, Defendant was the employer of Plaintiffs, and all other similarly situated employees.

18.    At all times relevant to this action, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

19.     Plaintiffs and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the respective limitations periods.

## OVERVIEW OF PLAINTIFFS' CLAIMS

## No Entitlement to Tip Credit Due to Failure to Provide Tip Credit Notice

### *FLSA Requirements*

20.     An employer may, in certain circumstances, take a "tip credit" toward its minimum wage obligations for tipped employees. Pursuant to the explicit language of the FLSA, a tip credit may not be taken "with respect to any tipped employee unless such employee has been informed by the employer of the provisions of [29 U.S.C. § 203(m)], and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m)(2).

21.     The Department of Labor's interpreting regulations concerning Section 3(m) provide as follows:

> [A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: [1] The amount of the cash wage that is to be paid to the tipped employee by the employer; [2] the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; [3] that all tips received by the tipped employee must be

7

retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and [4] that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. 29

C.F.R. § 531.59(b).

22.    Defendant employs Plaintiffs and other similarly situated tipped employees by paying a sub-minimum direct cash wage but failed to properly notify them of the tip credit requirements of the FLSA.

23.    Specifically, Plaintiffs and other similarly situated tipped employees are not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

24.    As Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions, Defendant has willfully violated the FLSA by failing and refusing to pay all minimum wages due and owing.

*Pennsylvania's Requirements*

25.    Under the PMWA, an employer may, in certain circumstances, take a "tip credit" toward its state minimum wage obligations for tipped employees. Pursuant to the explicit language of the PMWA, a tip credit may not be taken "with respect to any tipped employe[e] unless: (1) [s]uch employe[e] has been informed by the employer of the provisions of [43 P.S. § 333.103(d)]; (2) [a]ll tips received by such employe[e] have been retained by the employe[e] … except that this subsection shall not be construed to prohibit the pooling of tips among employe[e]s who customarily and regularly receive tips." 43 P.S. § 333.103(d).

26.    43 P.S. § 333.103(d) provides in relevant part: "In determining the hourly wage an employer is required to pay a tipped employe[e], the amount paid such employe[e] by his or her employer shall be an amount equal to: (i) the cash wage paid the employe[e] which for the purposes of the determination shall be not less than the cash wage required to be paid the employe[e] on the date immediately prior to the effective date of this subparagraph; and (ii) an additional amount on account of the tips received by the employe[e] which is equal to the difference between the wage specified in subparagraph (i) and the wage in effect under section 4 of this act. The additional amount on account of tips may not exceed the value of tips actually received by the employe[e]."

27.    In addition, Pennsylvania law mandates that "[t]he amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week." 34 Pa. Code § 231.34.

28.    Defendant employs Plaintiffs and other similarly situated tipped employees and pays them a direct cash wage that is less than the PMWA's state minimum wage ($7.25 per hour) but failed to properly notify them of the tip credit requirements of the PMWA. Despite this violation of the PMWA's tip credit notice provisions, Defendant has taken a tip credit toward its obligations to pay the state minimum wage to Plaintiffs and all other similarly situated tipped employees.

29.    Specifically, Plaintiffs and other similarly situated employees are not informed, in advance of Defendant's use of the tip credit, of the additional amount by which their wages are increased on account of the tip credit claimed by Defendant, and that such amount may not exceed the value of the tips actually received by them.

30.    Likewise, Defendant does not report, in writing, to Plaintiffs and other similarly situated employees, the amount per hour which it claims as a tip credit against its obligation to pay the PMWA's required state minimum wage each time it is changed from the amount per hour taken in the preceding week.

31.     Defendant's PMWA's violations alleged herein were willful in that Defendant either knew of the specific PMWA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether its conduct violated the PMWA.

32.     As a result of Defendant's above-described PMWA's violations, Plaintiffs and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the tip credit taken (i.e., the difference between the direct cash wage and the required state minimum wage), which is the amount of the unpaid minimum wages, and (2) a reasonable attorneys' fee and costs of this action.

**Unlawful Tip Pool**

33.     Plaintiffs are table games dealers who participate in a mandatory tip pooling arrangement at Defendant's casino property. Defendant has operated an unlawful tip pooling arrangement in violation of the FLSA by including a category of employees commonly referred to as "dual-rate supervisors" in the tip pool as explained below.

34.     Defendant has established a uniform or substantially similar Paid Time Off policy that governs PTO for hourly employees at its casino property.

35.     Defendant's PTO policy provides that PTO hours accrue for every hour worked based on the employee's length of service with Defendant according to a set schedule.

36.     Defendant employs certain workers under the job title "dual-rate supervisor" (or its equivalent by any other name), which includes employment in two occupations: (1) floor supervisor; and (2) table games dealer. The Department of Labor refers to this type of employment as a "dual job" situation.

37.     With respect to their employment as a floor supervisor (a non-tipped occupation), these employees are paid a regular hourly rate that exceeds minimum wage. When acting as a floor supervisor, dual-rate supervisors exercise managerial and supervisory authority over the dealers and are not permitted to accept tips.

38.     With respect to dual-rate supervisors' employment as a table games dealer (a tipped occupation that participates in a mandatory tip pooling arrangement with Plaintiffs and other similarly situated employees), Defendant pays a sub-minimum direct cash wage. Under the FLSA, the sub-minimum direct cash wage must be at least $2.13 per hour, and the employer is able to count a limited amount of the employee's tips (as re-distributed by the employer to the employee under a valid tip pooling arrangement) as a partial credit to satisfy the difference between the direct cash wage and the required federal minimum wage (known as a "tip credit"), *see* 29 U.S.C. § 203(m)(2)(A). The credit allowed on account of tips may

be less than that permitted by statute, but it cannot be more. To illustrate, if Defendant pays a table games dealer a sub-minimum direct cash wage of say $5.25 per hour, the amount of the "tip credit" under federal law would be $2 (the difference between the employee's direct cash wage of $5.25 and the federal minimum wage of $7.25) – on the assumption further that the amount of tips actually received by the tipped employee (as re-distributed by Defendant according to the mandatory tip pooling arrangement) is enough to make up the difference between the employee's direct cash wage and the federal minimum wage; if not, Defendant must make up the difference to ensure the employee is paid at least the required minimum wage for all hours worked in their employment as a table games dealer.

39.    Under the FLSA, when an employer employs someone in both a tipped and non-tipped occupation, the tip credit is available only for the hours the employee works in the tipped occupation. Thus, for Defendant's dual-rate supervisors, the hours worked in the tipped occupation (table games dealer) must be tracked and paid separately from the hours worked in the non-tipped occupation (floor supervisor).

40.    But dual-rate supervisors accrue PTO in a single pot. This means there is not one pot for PTO accrued as a tipped, hourly table games dealer, on the one hand, and a separate pot for PTO accrued as a non-tipped and manager/supervisor dual-rate supervisor, on the other hand. Instead, the PTO earned by dual-rate supervisors simply accrues in a single pot.

41. For dual-rate supervisors, Defendant does not track how their PTO was accrued. However, when dual-rate supervisors take PTO, they are paid PTO out of the table games dealers' tip pool. The PTO hours accrued in their employment as a floor supervisor (a non-tipped occupation and managerial and supervisory position) should not properly included in any valid tip pooling arrangement among table games dealers (like Plaintiffs). But that is precisely what Defendant is doing for their own economic benefit and to the detriment of these employees.

42. Defendant's above-described scheme for the payment of PTO hours for dual-rate supervisors is unlawful and violates the FLSA's and PMWA's tip-pooling provisions because (1) Defendant is violating the requirement that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement; (2) Defendant is violating the prohibition against the pooling of tips among employees who do not customarily and regularly receive tips; and (3) Defendant is violating the requirement that it "not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of the employees' tips, regardless of whether or not the employer takes a tip credit", *see* 29 U.S.C. § 203(m), as amended by the Consolidated Appropriations Act, 2018, and all applicable regulations (as the position title dual-rate supervisor and floor supervisor confirm, when dual-rate supervisors are performing their non-tipped supervisory duties they are "managers or supervisors"

within the meaning of the FLSA). *See also* 43 P.S. § 333.101(d); 34 Pa. Code § 231.112 ("The USDOL standards for tipped employees at 29 CFR 531.54 (relating to tip pooling) in effect as of May 7, 2022, are incorporated by reference.").

43. Defendant's above-described scheme also results in Defendant's violation of the FLSA and PMWA's minimum wage payment requirements because Defendant is paying a direct cash wage to table games dealers (including Plaintiffs) that is less than the required minimum wage, and, due to Defendant's non-compliance with the FLSA's tip-pooling provisions, Defendant is not entitled to any credit using employees' tips against its minimum wage obligation with respect to Plaintiffs and other similarly situated employees.

44. Because Defendant's FLSA and PMWA's violations as alleged herein were neither sporadic nor infrequent, Defendant's tip pooling arrangement for table games dealers should be invalidated for the entire statutory look-back period of three (3) years. Alternatively, and at a minimum, Defendant's tip pooling arrangement for table games dealers should be invalidated as to any pay period during the statutory look-back period of three (3) years in which Defendant unlawfully kept and then improperly redistributed table games dealers' tips to pay PTO hours (or other forms of paid leave) accrued by dual-rate supervisors in their employment as a floor supervisor.

45.    As a result of Defendant's above-described FLSA and PMWA's violations, and pursuant to 29 U.S.C. § 216(b), Plaintiffs and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the tip credit taken (*i.e.*, the difference between the direct cash wage and the required federal minimum wage) / the amount of the unpaid minimum wages, (2) all tips that were unlawfully kept by Defendant and then improperly redistributed as payment of PTO hours (and other forms of paid leave) accrued by dual-rate supervisors in their employment as a floor supervisor, and (3) an additional equal amount as liquidated damages.

46.    Defendant's FLSA and PMWA violations alleged herein were willful in that Defendant either knew of the specific FLSA and PMWA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them or showed reckless disregard for the matter of whether their conduct violated the FLSA and PMWA.

## Unlawful Timeclock Rounding

47.    Defendant utilizes a computerized system which tracks the exact time (by the minute) an hourly employee clocks in and clocks out of work.

48.    Even though Defendant maintains a system which records, to the minute, the time an employee clocks in and clocks out, Defendant utilizes a rounding system in computing payroll which rounds to the closest 15-minute interval.

49.    For example, an employee who clocks out between 4:53 p.m. and 5:07 p.m. will be treated by Defendant's payroll computations as having clocked out at 5:00 p.m.

50.    Viewed in a vacuum, the rounding system utilized by Defendant appears to neither favor Defendant nor its employees as Defendant utilizes the same rounding system when an employee clocks in or out.

51.    However, Defendant utilizes an attendance and/or disciplinary policy to alter the seemingly neutral rounding system in a manner which transforms Defendant's rounding system into a system that is substantially rigged in Defendant's favor. As a result, Plaintiffs and similarly situated employees are not able to benefit from Defendant's rounding system; instead, the rounding system results, over a period of time, in the failure to pay Plaintiffs and similarly situated employees for all hours worked.

52.    Pursuant to Defendant's policies, Plaintiffs and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

53.    Pursuant to Defendant's policies, Plaintiffs and all similarly situated employees may only clock out when authorized by their supervisor.

54.    Additionally, Plaintiffs and other similarly situated employees are not permitted to clock in until 7 minutes before the start of their shift.

55.    As a result of Defendant's policies, Plaintiffs and all similarly situated employees do not typically clock in after the start of their shift, because if they do, they are subject to discipline.

56.    Per Defendant's rounding system, none of the pre-shift work (usually 7 minutes per day) is paid as Defendant rounds this time to the next 15-minute interval, the employees' official start time.

57.    Accordingly, at the start of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because Defendant utilizes its attendance and/or disciplinary policies to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the amount of compensable time Defendant pays its employees.

58.    Moreover, Plaintiffs and all similarly situated employees, at the end of the day, usually clock out no more than 7 minutes after the end of their shift.

59.    Plaintiffs and all similarly situated employees do not typically leave work early; instead, they routinely leave work and clock out between the end of their shift and 7 minutes thereafter. This makes sense because it is solely Defendant's decision as to when Plaintiffs and all similarly situated employees are permitted to leave their workstations. Because of this, Plaintiffs and all similarly situated employees are unable to take advantage of the rounding system because they cannot decide to leave prior to the conclusion of their shift.

60.    Accordingly, at the end of an employee's shift, Defendant's rounding system is rigged in favor of Defendant because the rounding which occurs at the end of their shift decreases the amount of compensable time Defendant pays its employees.

61.    In sum, Defendant's timeclock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate its employees properly for all the time they have actually worked, including overtime wages.

62.    Defendant has no good faith basis to use such a rigged rounding system as its time clocks record the actual clock in and clock out times to at least a one-minute accuracy. Defendant has complete knowledge of all hours worked by Plaintiffs and all similarly situated employees.

63.    Defendant's failure to pay this unpaid time has resulted in Plaintiffs and all similarly situated employees being regularly denied proper compensation under the FLSA and Pennsylvania law.

64.    Plaintiffs and all similarly situated employees, in conformance with Defendant's clock-in and clock-out policies, and attendance and/or disciplinary policies, regularly clocked in and commenced work several minutes before the start of their shifts.

65.    Throughout Plaintiffs' employment as table games dealers, they were paid a sub-minimum direct cash wage under federal law for every hour worked. Thus, during each workweek in which Defendant did not pay them for all hours worked due to its timeclock rounding policy, Plaintiffs' regular rate of pay fell below the requisite federal minimum wage. In some workweeks, this policy also caused them to incur uncompensated overtime.

### Miscalculated Regular Rate for Tipped Employees

66.    The FLSA and PMWA requires that employees receive overtime pay at a rate not less than one and one-half times the regular rate at which they are employed for all hours worked over 40 in a single workweek.

67.    The FLSA and PMWA permits an employer to take a "tip credit" toward its minimum wage obligations for tipped employees equal to the difference between the required cash wage (which must be at least $2.13 under federal law and $2.83 under Pennsylvania state law) and the federal and/or state minimum wage.

68.    However, where the employer takes the tip credit, overtime is calculated on the full minimum wage, not the sub-minimum direct hourly wage payment. The employer may not take a larger tip credit for an overtime hour than for a straight time hour.

69.    Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

70.    In calculating Plaintiffs' and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the federal and state minimum wage.   In other words, Defendant calculated the overtime rate by multiplying one and one-half times the sub-minimum direct hourly wage being earned.  As a result, Plaintiffs' and other similarly situated employees' overtime pay was not based on the proper regular rate of pay.

71.    For example, as demonstrated by her paycheck dated July 24, 2023 (pay date), Defendant paid Plaintiff Mak a direct hourly wage of $5.36 per hour.  The paycheck also identifies an overtime rate paid to Plaintiff Mak in the amount of $8.04 per hour, resulting in overtime wages of $145.41 year-to-date.  In violation of the FLSA and PMWA, Defendant calculated Plaintiff Mak's overtime rate on the sub-minimum direct hourly wage payment, and not on the full minimum wage. Defendant calculated the overtime rate by multiplying Plaintiff Mak's subminimum direct hourly wage of $5.36 by one and one-half ($8.04).  Plaintiff Mak's proper overtime rate should have been $10.875 per hour ($7.25 per hour times one and one-half) if Defendant were not entitled to utilize a tip credit, or $8.985 per hour ($10.875

per hour minus a tip credit of $1.89) if Defendant was entitled to utilize a tip credit. Either way, Plaintiff Mak's overtime pay was not based on the proper regular rate of pay.

72.    In doing so, Defendant failed to pay Plaintiffs and all other similarly situated employees the proper overtime pay as required under both state and federal law.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

73.    Plaintiffs re-allege the allegations set forth above.

74.    Plaintiffs bring Count I, the FLSA claim arising out of Defendant's tip credit notification policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective:

### FLSA Unlawful Tip Credit Collective

All persons employed by Defendant and paid a direct cash wage of less than $7.25 per hour during the relevant period. The relevant period is three years prior to the filing of the Complaint through the present.

75.    Plaintiffs bring Count II, the FLSA claim arising out of Defendant's unlawful tip pool resulting in unpaid minimum wages and misallocated tips, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective:

**FLSA Illegal Tip Pooling Collective**

All persons employed as table games dealers by Defendant who participated in the table games dealer tip pool during the relevant period. The relevant period is three years prior to the filing of the Complaint through the present.

76.    Plaintiffs bring Count III, the FLSA claim arising out of Defendant's unlawful timeclock rounding policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective:

**FLSA Timeclock Rounding Collective**

All persons employed by Defendant in an hourly position during the limitations period. The relevant period is three years prior to the filing of the Complaint through the present.

77.    Plaintiffs bring Count IV, the FLSA claim arising out of Defendant's regular rate calculation policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective:

**FLSA Miscalculated Regular Rate Collective**

All persons employed by Defendant and paid a direct cash wage of less than $7.25 per hour during the relevant period. The relevant period is three years prior to the filing of the Complaint through the present.

78.    Plaintiffs' FLSA claims (Counts I-IV) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

79.    Plaintiffs, individually and on behalf of all others similarly situated, seek relief on a collective basis challenging Defendant's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to

23

be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

80.    Plaintiffs bring Count V, the PMWA claim arising out of Defendant's tip credit notification policy, as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the following class:

### PMWA Unlawful Tip Credit Class

All persons employed by Defendant and paid a direct cash wage of less than $7.25 per hour during the relevant period. The relevant period is three years prior to the filing of the Complaint through the present, within the State of Pennsylvania.

81.    Plaintiffs bring Count VI, the PMWA claim arising out of Defendant's unlawful tip pool resulting in unpaid minimum wages and misallocated tips, as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the following class:

### PMWA Illegal Tip Pooling Class

All persons employed as table games dealers by Defendant who participated in the table games dealer tip pool during the relevant period. The relevant period is three years prior to the filing of the Complaint through the present, within the State of Pennsylvania.

82.    Plaintiffs bring Count VII, the PMWA claim arising out of Defendant's unlawful timeclock rounding policy, as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the following class:

**PMWA Timeclock Rounding Class**

All persons employed by Defendant in an hourly position during the limitations period. The relevant period is three years prior to the filing of the Complaint through the present, within the State of Pennsylvania.

83.    Plaintiffs bring Count VIII, the PMWA claim arising out of Defendant's regular rate calculation policy, as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the following class:

**PMWA Miscalculated Regular Rate Collective**

All persons employed by Defendant and paid a direct cash wage of less than $7.25 per hour during the relevant period. The relevant period is three years prior to the filing of the Complaint through the present, within the State of Pennsylvania.

84.    Plaintiffs bring Count IX, the WPCL claim arising out of Defendant's failure to pay all compensation due and owing on their regular payday, as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the following class:

**WCPL Unpaid Compensation Class**

All persons employed by Defendant in an hourly position during the limitations period. The relevant period is three years prior to the filing of the Complaint through the present, within the State of Pennsylvania.

85.    Plaintiffs' PMWA claims (Counts V-VIII) and WCPL claim (Count IX), described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

86.    These classes each number, at least, in the hundreds and likely thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

87.    There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

a.    Whether Defendant provided Plaintiffs and class members sufficient notice of their intent to claim a tip credit prior to paying a sub-minimum direct cash wage;

b.    Whether Defendant maintained an invalid tip pool for Plaintiffs and class members in violation of the FLSA and PMWA;

c.    Whether Defendants violated the FLSA, PMWA, and/or WPCL when it failed to pay Plaintiffs and class members for all hours worked due to the rounding system;

d.    Whether Defendant had policies and practices of failing to compensate Plaintiffs and class members for all time worked through the use of a timeclock rounding system;

e.    Whether Defendant failed to pay Plaintiffs and class members overtime compensation required under the FLSA and PMWA;

f.    Whether Defendant violated the FLSA, PMWA, and/or WPCL by paying Plaintiffs and class members less than the amount due when it paid them less than minimum wage for regular hours worked;

g.    Whether Defendant willfully violated the FLSA, PMWA, and/or WPCL.

88.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

89.    Plaintiffs' claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices as Plaintiffs.

90.    A class action is the superior method for the fair and efficient adjudication of Plaintiffs' claims. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish

incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

91.    Plaintiffs are adequate representatives because they are members of each of the classes they seek to represent, and their interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiffs and their undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

92.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS (COUNTS I-IV)**

93.    At all times material herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

94.    The FLSA regulates, among other things, the payment of minimum wage, tips, and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

95.    Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

96.    During all relevant times to this action, Defendant was the "employer" of Plaintiffs and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

97.    During all times relevant to this action, Plaintiffs and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

98.    Plaintiffs and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiffs and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206 and are entitled to the tip credit protections of 29 U.S.C. §§ 203, 216(b).

99.    Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

100.    Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) applies here.

101.    Plaintiffs and all similarly situated employees are victims of uniform and compensation policies.

102.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated minimum wage and overtime premium pay within the three (3) years preceding the filing of the Collective Action Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

103.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith or with reasonable

grounds in failing to pay minimum wage and overtime compensation, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

104.   As a result of these violations of the FLSA's minimum wage, tip, and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO PMWA CLAIMS (COUNTS V-IX)

105.   At all times relevant, Plaintiffs and the class members have been entitled to the rights, protections, and benefits provided under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*.

106.   The PMWA regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a minimum wage consistent with that provided for under federal law. 43 P.S. §§ 333.104(a)-(c).

107.   The PMWA should be construed in accordance with its provisions and those of the FLSA. *See Razak v. Uber Techs., Inc.*, No. 16-573, 2016 WL 5874822, at *7 (E.D. Pa. Oct. 7, 2016) ("Because the PMWA 'substantially parallels' the FLSA, federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA.").

108.   During all times relevant to this action, Defendant was the "employer" of Plaintiffs and the class members within the meaning of the PMWA. 43 P.S. § 333.103(g).

109.   During all times relevant to this action, Plaintiffs and the class members were Defendant's "employees" within the meaning of the PMWA. 43 P.S. § 333.103(h).

110.   Plaintiffs and the class members are covered, non-exempt employees within the meaning of the PMWA. Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek. 43 P.S. §§ 333.104(a)-(a.1).

111.   Pursuant to the PMWA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 43 P.S. § 333.104(c).

112.   Although the PMWA contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here. 43 P.S. § 333.105.

113.   Plaintiffs and the class members are victims of uniform and employer-based compensation policies.

114.   Plaintiffs and the class members are entitled to damages equal to all unpaid minimum and overtime wages due within three (3) years preceding the filing of this Class and Collective Action Complaint, plus periods of equitable tolling, less any amount actually paid to the employees by Defendant. 43 P.S. § 333.113.

115.   Plaintiffs and the class members are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

116.   Defendant is also liable to Plaintiffs and the class members for costs and reasonable attorney fees incurred in this action. 43 P.S. § 333.113.

## COUNT I – FLSA

### Arising Out of Defendant's Failure to Give Notice of Intent to Claim a Tip Credit

117.   Plaintiffs re-allege the allegations set forth above.

118.   Defendant violated the FLSA by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

119.  Specifically, Defendant paid Plaintiffs and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage.

120.  In particular, Plaintiffs and other similarly situated tipped employees were not informed, in advance of Defendant's use of the tip credit, of: (1) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by Defendant, which amount may not exceed the value of the tips actually received the employee; (2) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (3) that the tip credit shall not apply to any employee who has not been informed of these requirements in this section.

121.  Defendant failed to comply with the notification requirements set forth within the express language of the FLSA and supporting federal regulations. 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

122.  As Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant have willfully violated state and/or federal law by failing and refusing to pay all minimum wages due and owing to Plaintiffs and all other similarly situated employees.

123.    Defendant's practice unlawfully and willfully failed to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA. In addition, because Defendant was not entitled to claim a tip credit, Plaintiffs and similarly situated employees are entitled to be paid overtime hours at a tip credit overtime rate.

124.    Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiffs and all similarly situated employees damages for unpaid wages under 29 U.S.C. § 216(b);

c.    Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.    Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II - FLSA

### Arising Out of Defendant's Operation of an Unlawful Tip Pool

125.    Plaintiffs re-allege the allegations set forth above.

126.    Defendant violated the FLSA by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

127.    As alleged herein, Defendant operated an illegal tip pool by including non-tipped and/or manager/supervisor employees in the tip pool. As a result, Defendant may not claim a tip credit against their obligations to pay minimum wage for any dealers who participated in the tip pool. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the tip credit taken (i.e., the difference between the direct cash wage and the required federal minimum wage) / the amount of the unpaid minimum wages, and (2) all tips that were unlawfully kept by Defendant and then improperly redistributed as payment of PTO hours (and other forms of paid leave) accrued by dual-rate supervisors in their employment as a floor supervisor.

128.    Defendant's practice unlawfully and willfully failed to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid minimum wages pursuant to the FLSA.

129.    Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.    Award Plaintiffs and all similarly situated employees damages for unpaid wages and misappropriated tips under 29 U.S.C. § 216(b);

c.    Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.    Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.    Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.    Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT III - FLSA

### Arising Out of Defendant's Unlawful Timeclock Rounding Policy

130.   Plaintiffs re-allege the allegations set forth above.

131.   Defendant violated the FLSA by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

132.   Specifically, as discussed above, Defendant utilizes an unlawful timeclock rounding policy that, when combined with its attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

133.   Defendant's practice unlawfully and willfully failed to properly pay its hourly employees for all hours worked and results in unpaid minimum and overtime wages.

134.   Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

> a.   Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

b.      Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

c.      Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

d.      Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

f.      Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT IV - FLSA

**Arising Out of Defendant's Miscalculated Regular Rate Calculation Policy**

135.    Plaintiffs re-allege the allegations set forth above.

136.    Defendant violated the FLSA by failing to pay Plaintiffs and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

137.    Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay. The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory

39

exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

138.   Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

139.   In calculating Plaintiffs' and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the applicable minimum wage. In other words, Defendant calculated the overtime rate by multiplying one and one-half times the lower direct cash wage being earned. As a result, Plaintiffs' and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the FLSA.

140.   Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

      a.    Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

      b.    Award Plaintiffs and all similarly situated employees damages for unpaid minimum wages and unpaid overtime wages under 29 U.S.C. § 216(b);

    c.    Award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d.    Award Plaintiffs and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

    e.    Award Plaintiffs and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

    f.    Award Plaintiffs and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT V – PMWA

**Arising Out of Defendant's Failure to Give Notice of
Intent to Claim a Tip Credit**

141.   Plaintiffs re-allege the allegations set forth above.

142.   Defendant violated the PMWA by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

143.   Specifically, Defendant paid Plaintiffs and others similarly situated below the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

144.   In particular, Plaintiffs and other similarly situated employees were not informed, in advance of Defendant's use of the tip credit, of the additional amount by which the wages of the tipped employee are increased on account of the tip credit

claimed by Defendant, or that such amount may not exceed the value of the tips actually received the employee.

145.  Likewise, Defendant did not report, in writing, to Plaintiffs and other similarly situated employees, the amount per hour which it claimed as a tip credit against its obligation to pay the PMWA's required state minimum wage each time it was changed from the amount per hour taken in the preceding week.

146.  Defendant failed to comply with the notification requirements set forth within the express language of the PMWA and supporting regulations. 43 P.S. § 333.103(d); 34 Pa. Code § 231.34.

147.  As Defendant has failed to properly inform Plaintiffs and other similarly situated tipped employees of the required tip credit provisions and are not entitled to claim a tip credit, Defendant has willfully violated state law by failing and refusing to pay all state minimum wages due and owing to Plaintiffs and all other similarly situated employees.

148.  Defendant's practice was to unlawfully and willfully fail to comply with the requirements for their entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid state minimum wages pursuant to the PMWA.

149.  Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a.   Certify the state law claim set forth above as a class action pursuant to Fed. R. Civ. P. 23;

b.   Award Plaintiffs and class members damages for unpaid minimum wages under 43 P.S. § 333.113;

c.   Award Plaintiffs and class members pre-judgment and post-judgment interest as provided by law;

d.   Award Plaintiffs' and class members' counsel attorneys' fees and costs as        allowed by 43 P.S. § 333.113; and

e.   Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

## COUNT VI - PMWA

### Arising Out of Defendant's Operation of an Unlawful Tip Pool

150.   Plaintiffs re-allege the allegations set forth above.

151.   Defendant violated the PMWA by failing to pay Plaintiffs and all others similarly situated minimum wages for all hours worked in a workweek.

152.   As alleged herein, Defendant operated an illegal tip pool by including non-tipped and/or manager/supervisor employees in the tip pool. As a result, Defendant may not claim a tip credit against their obligations to pay minimum wage for any dealers who participated in the tip pool. Plaintiffs and other similarly situated employees are entitled to recover from Defendant the amount of the sum of (1) the

tip credit taken (i.e., the difference between the direct cash wage and the required federal minimum wage) / the amount of the unpaid minimum wages, and (2) all tips that were unlawfully kept by Defendant and then improperly redistributed as payment of PTO hours (and other forms of paid leave) accrued by dual-rate supervisors in their employment as a floor supervisor.

153.   Defendant's practice unlawfully and willfully failed to comply with the requirements for its entitlement to a tip credit and therefore, Plaintiffs and the similarly situated tipped employees were not properly paid minimum wages pursuant to the PMWA.

    a.    Certify the state law claim set forth above as a class action pursuant to Fed. R. Civ. P. 23;

    b.    Award Plaintiffs and class members damages for unpaid minimum wages under 43 P.S. § 333.113;

    c.    Award Plaintiffs and class members pre-judgment and post-judgment interest as provided by law;

    d.    Award Plaintiffs' and class members' counsel attorneys' fees and costs as        allowed by 43 P.S. § 333.113; and

    e.    Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

44

## COUNT VII - PMWA

### Arising Out of Defendant's Unlawful Timeclock Rounding Policy

154.    Plaintiffs re-allege the allegations set forth above.

155.    Defendant violated the PMWA by failing to pay Plaintiffs and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

156.    Specifically, as discussed above, Defendant utilizes an unlawful timeclock rounding policy that, when combined with its attendance and/or disciplinary policies, forces employees to work off-the-clock without being paid at the legal and applicable wage rates for both straight and overtime hours.

157.    Defendant's practice unlawfully and willfully failed to properly pay its hourly employees for all hours worked and results in unpaid minimum and overtime wages.

158.    Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

      a.    Certify the state law claim set forth above as a class action pursuant to Fed. R. Civ. P. 23;

      b.    Award Plaintiffs and class members damages for unpaid minimum wages under 43 P.S. § 333.113;

45

      c.      Award Plaintiffs and class members pre-judgment and post-judgment interest as provided by law;

      d.      Award Plaintiffs' and class members' counsel attorneys' fees and costs as       allowed by 43 P.S. § 333.113; and

      e.      Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

## COUNT VIII - PMWA

### Arising Out of Defendant's Miscalculated Regular Rate Calculation Policy

159.   Plaintiffs re-allege the allegations set forth above.

160.   Defendant violated the PMWA by failing to pay Plaintiffs and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

161.   Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay.  43 P.S. § 333.104.  The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

162.    Federal regulations provide that "a tipped employee's regular rate of pay includes the amount of tip credit taken by the employer … Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. § 531.60.

163.    In calculating Plaintiffs' and other similarly situated employees' overtime pay, Defendant first subtracted the tip credit from the applicable minimum wage. In other words, Defendant calculated the overtime rate by multiplying one and one-half times the lower direct cash wage being earned. As a result, Plaintiffs' and other similarly situated employees' overtime pay was not based on the proper regular rate of pay under the PMWA. *See Razak v. Uber Techs., Inc.*, No. 16-573, 2016 WL 5874822, at *7 (E.D. Pa. Oct. 7, 2016) ("Because the PMWA 'substantially parallels' the FLSA, federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA.").

164.    Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

      a.    Certify the state law claim set forth above as a class action pursuant to Fed. R. Civ. P. 23;

      b.    Award Plaintiffs and class members damages for unpaid minimum wages under 43 P.S. § 333.113;

c.    Award Plaintiffs and class members pre-judgment and post-judgment interest as provided by law;

d.    Award Plaintiffs' and class members' counsel attorneys' fees and costs as        allowed by 43 P.S. § 333.113; and

e.    Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

## COUNT IX – WPCL

### Arising Out of Defendant's Failure to Pay Compensation
### Due and Owing on Regular Paydays

165.   Plaintiffs re-allege the allegations as set forth above.

166.   During all relevant times to this action, Defendants have employed, and/or continue to employ, Plaintiffs and class members within the meaning of Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq*.

167.   Pursuant to the WPCL, Plaintiffs and class members were entitled to receive all compensation due and owing to them on their regular payday.

168.   There was an implied oral agreement between Plaintiffs and class members and Defendant that Plaintiffs and class members would be paid a set hourly rate for all hours worked consistent with federal and state law.

169.   Defendant scheduled Plaintiffs and class members to work specific hours.  Defendant agreed to and accepted Plaintiffs' labor, which was primarily for the benefit of Defendant. Plaintiffs and class members understood from Defendant that they would be paid a set hourly rate for all hours worked consistent with federal and state law.

170.   Instead, Defendant failed to pay Plaintiffs all compensation due and owing to them on their regular payday by: (1) improperly "rounding" employees' clock-in and clock-out times; (2) failing to inform tipped employees of the required tip credit provisions before paying less than the federal or state minimum wage; (3) creating a mandatory tip pooling policy by which it requires its table games dealers to pool their tips and then, in violation of federal and state law, distributing those tips to the table games dealers who earned them as well as to pay the PTO of certain non-tipped manager and supervisor employees ("dual rate" supervisors); and/or (4) miscalculating their employees' regular rate of pay for overtime purposes.

171.   Defendant's unlawful policies resulted in Plaintiffs and class members not being paid for all hours worked in contravention of the implied oral agreement.

172.   As a result of Defendant's unlawful policies, Plaintiffs and class members have been deprived of compensation due and owing.

173.   Accordingly, Plaintiffs and all similarly situated employees demand judgment against Defendant and pray this Court:

a.   Certify the state law claim set forth above as a class action pursuant to Fed. R. Civ. P. 23;

b.   Award Plaintiffs and class members damages for the total amount of wages due under 43 P.S. § 260.9a;

c.   Award Plaintiffs and all similarly situated employees an additional amount of 25% of the total amount of wages due or five hundred dollars ($500), whichever is greater, as liquidated damages under 43 P.S. § 260.10;

d.   Award Plaintiffs and class members pre-judgment and post-judgment interest as provided by law; and

e.   Award Plaintiffs' and the class members' counsel attorneys' fees and costs as allowed by 43 P.S. § 260.9a; and

f.   Award Plaintiffs and the class members such other relief as the Court deems fair and equitable.

## JURY DEMAND

174.   Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial as to all claims so triable.

Dated: February 7, 2025                    Respectfully submitted,

                                           **WEISBERG CUMMINGS, P.C.**

                                           /s/ *Derrek W. Cummings*
                                           Derrek W. Cummings, Esq., PA Bar 83286
                                           Larry A. Weisberg, Esq., PA Bar 83410
                                           2704 Commerce Dr., Suite B
                                           Harrisburg, Pennsylvania 17110
                                           Telephone: (717) 238-5707
                                           Facsimile: (717) 233-8133
                                           dcummings@weisbergcummings.com
                                           lweisberg@weisbergcummings.com

                                           **STUEVE SIEGEL HANSON LLP**
                                           George A. Hanson, MO Bar No. 43450
                                           *pro hac vice application forthcoming*
                                           Alexander T. Ricke, MO Bar No. 65132
                                           *pro hac vice application forthcoming*
                                           Caleb J. Wagner, MO Bar No. 68458
                                           *pro hac vice application forthcoming*
                                           460 Nichols Road, Suite 200
                                           Kansas City, Missouri 64112
                                           Telephone: 816-714-7100
                                           Facsimile: 816-714-7101
                                           hanson@stuevesiegel.com
                                           ricke@stuevesiegel.com
                                           wagner@stuevesiegel.com

                                           **McCLELLAND LAW FIRM, P.C.**
                                           Ryan L. McClelland, MO Bar No. 59343
                                           *pro hac vice application forthcoming*
                                           The Flagship Building
                                           200 Westwoods Drive
                                           Liberty, Missouri 64068
                                           Telephone: 816-781-0002
                                           Facsimile: 816-781-1984
                                           ryan@mcclellandlawfirm.com

                                           **ATTORNEYS FOR PLAINTIFFS**