IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER L. MAK, and WILLIAM R. NEIDIG, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT AIRY #1, LLC d/b/a MOUNT AIRY CASINO RESORT,<br><br>Defendant. | Case No. 3:25-cv-00238-JFS |

**PLAINTIFFS' UNOPPOSED MOTION
TO DIRECT CLASS NOTICE AND GRANT
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Pursuant to Federal Rule of Civil Procedure 23(e)(1), Plaintiffs Jennifer L. Mak and William R. Neidig seek preliminary approval of the following class action settlement in this wage and hour case. The Settlement Agreement (attached as Exhibit 1 to the Declaration of Alexander T. Ricke) provides for the creation of a $2,300,000 common fund (representing over 98% of the alleged unpaid wages in this case) to resolve the claims of 696 minimum wage workers at Mount Airy Casino Resort. Net of all fees and costs, Plaintiffs' counsel estimate that the average settlement check will be over $2,000 *per capita*, with no class member receiving less than $100. Further, there is no claims process. Class members will be automatically sent a check unless they ask to be excluded. In exchange for their settlement

1

payments, class members agree to an appropriately narrow release of claims tailored to the facts alleged in the complaint. And only class members who affirmatively negotiate their settlement checks will release their Fair Labor Standards Act claims, 29 U.S.C. § 201, *et seq.*. This is an outstanding result for class members.

Based on the foregoing and as explained in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request the Court grant the unopposed motion to direct class notice and preliminarily approve the class action settlement and enter the parties proposed order (attached as Exhibit C to the Settlement Agreement).

Specifically, Plaintiffs respectfully request the Court preliminarily approve the class action settlement as fair, reasonable, and adequate; certify the class for settlement purposes and direct notice the class; approve the form and plan of notice; authorize Plaintiffs to select a settlement administer to perform duties in accordance with the terms of the settlement; appoint Plaintiffs' counsel as Class Counsel; direct the parties to carry out the settlement according to the terms of the Settlement Agreement; and schedule a final approval hearing to determine whether the Settlement should be finally approved.

Dated:  September 22, 2025          Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**
Derrek W. Cummings, Esq., PA Bar 83286
Larry A. Weisberg, Esq., PA Bar 83410
2704 Commerce Dr., Suite B
Harrisburg, Pennsylvania 17110
Telephone: (717) 238-5707
Facsimile: (717) 233-8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

**STUEVE SIEGEL HANSON LLP**
/s/ *Alexander T. Ricke*
George A. Hanson, MO Bar 43450
*pro hac vice*
Alexander T. Ricke, MO Bar 65132
*pro hac vice*
Caleb J. Wagner, MO Bar 68458
*pro hac vice* pending
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com
wagner@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**
Ryan L. McClelland, MO Bar 59343
*pro hac vice*
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068
Telephone: 816-781-0002
Facsimile: 816-781-1984
ryan@mcclellandlawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2025, a true and correct copy of the foregoing document was filed electronically through the Court's CM/ECF system, and therefore, will be transmitted to all counsel of record by operation of the Court's CM/ECF system.

/s/ *Alexander T. Ricke*

**ATTORNEY FOR PLAINTIFFS**