# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER L. MAK and WILLIAM R. NEIDIG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT AIRY #1, LLC d/b/a MOUNT AIRY CASINO RESORT,<br>Defendant. | CIVIL ACTION NO. 3:25-CV-00238<br><br>(SAPORITO, J.) |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**AND NOW, this 30th day of October, 2025**, following a telephonic conference with counsel and upon consideration of the unopposed motion to direct class notice and grant preliminary approval of a settlement of a class and collective action by Plaintiffs Jennifer L. Mak and William R. Neidig ("Named Plaintiffs"), individually, and on behalf of all others similarly situated, and Defendant Mount Airy #1, LLC d/b/a Mount Airy Casino Resort ("Defendant") (Doc. 51), the Court having considered the Settlement Agreement and its exhibits, including the Proposed Settlement Notice, and the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. The Court grants preliminary approval of the parties' Settlement Agreement.

4. The Court certifies, for settlement purposes only, the following Settlement Class pursuant to the Settlement Agreement and Fed. R. Civ. P. 23: all employees for whom Mount Airy Casino Resort took a tip credit *(i.e.,* paid a direct cash wage of $7.24 per hour or less) at any time from February 7, 2022, through May 8, 2025.

5. The Court appoints, for settlement purposes only, Plaintiffs Jennifer L. Mak and Willaim R. Neidig, as the Class Representatives of the Settlement Class.

6. The Court appoints, for settlement purposes only, the law firms of Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as

Class Counsel for the purposes of Settlement, and the releases and other obligations therein.

    7.    This Court authorizes the Named Plaintiffs to select a Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

    8.    The Proposed Settlement Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed class settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the Commonwealth of Pennsylvania, and all other applicable laws. The Notice shall be amended as to the courthouse location and address. Otherwise the Notice is accurate, objective, and informative, and provides members of the Settlement Class with all the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

9. The Notice Regarding Proposed Settlement of Class and Collective Action, attached to the Settlement Agreement as Exhibit A, is approved except as to the courthouse location and address. The Settlement Administrator is authorized to mail the document to the Class Employees as provided in the Settlement Agreement.

10. Class Employees who wish to opt out of the Settlement must submit a written request to opt-out of the settlement no later than (a) forty-five (45) days from the date the Settlement Administrator first mails the Proposed Settlement Notice to Class Employees, or (b) thirty (30) days from the date the Settlement Administrator mails the Proposed Settlement Notice to a Class Employee's additional address, whichever date is later, provided that under no circumstances will any Class Employee be permitted to submit his or her written request to opt-out of the settlement more than seventy-five (75) days from the date the Settlement Administrator first mails the Proposed Settlement Notice to Class Employees.

11. Any written objection to the settlement must be submitted to the Court no later than forty-five (45) days after the Proposed Settlement Notice is mailed to the Class Employees.

12. Pending the Court's decision on final approval of the settlement and entry of the Court's Final Approval Order, the Litigation and any other action or proceeding brought by or on behalf of the Named Plaintiffs or any Class Member who asserts any claim released under the Settlement Agreement shall be stayed in each such action or proceeding.

13. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the Fair Labor Standards Act, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; (b) of an adjudication of the merits of this Litigation; (c) of an adjudication of any of the matters subject to the Releases in the Settlement Agreement; (d) that any party has prevailed in this case; or (e) that Defendant or the Released Parties have engaged in any wrongdoing.

14. The Named Plaintiffs and Defendant are ordered to carry out the settlement according to the terms of the Settlement Agreement.

15. The Court will conduct a Final Approval Hearing on Thursday, February 19, 2026, at 10:00 a.m. in Courtroom No. 3 of the U.S. District Court, Middle District of Pennsylvania, located at Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania 18701, to determine the overall fairness of the settlement and to approve the amount of attorneys' fees and costs to Class Counsel and the Service Payment to the Named Plaintiffs. The Final Approval Hearing may be continued without further notice to Class Members. The Named Plaintiffs shall file their motion for approval of the settlement, and Class Counsel shall file their unopposed motion for attorneys' fees, costs and expenses, and the Service Payment on or before January 22, 2026.

<u>*s/Joseph F. Saporito, Jr.*</u>
**JOSEPH F. SAPORITO, JR.**
**United States District Judge**