# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER L. MAK, and WILLIAM R. NEIDIG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT AIRY #1, LLC d/b/a MOUNT AIRY CASINO RESORT,<br>Defendant. | NO. 3:25-cv-238<br><br><br>(SAPORITO, J.) |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**AND NOW**, this 24th day of February, 2026, upon consideration of the Order Granting Preliminary Approval of Class Action Settlement, *see* Doc. 59; Plaintiffs' Unopposed Motion to Grant Final Approval of Class Action Settlement, the Settlement Agreement and its exhibits, including the Notice of Settlement, *see* Doc. 62; Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees, Expenses and Service Awards to Plaintiffs, *see* Doc. 60; and after a final fairness hearing held on February 19, 2026, the Court **HEREBY ORDERS AND FINDS AS FOLLOWS:**

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class certified by Order dated October 30, 2025, *see* Doc. 59, and defined as:

> All employees for whom Mount Airy Casino Resort took a tip credit (i.e. paid a direct cash wage of $7.24 per hour or less) at any time from February 7, 2022, through May 8, 2025.

3. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only. In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4. The settlement in this matter involves allegations in Plaintiffs' Class and Collective Action Complaint against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §

333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* dated February 7, 2025. *See* Doc. 1.

5. The Court confirms the appointment of Plaintiffs Jennifer L. Mak and William I. Neidig (the "Named Plaintiffs") as the Class Representatives of the Settlement Class.

6. The Court confirms the appointment of the law firms of Stueve Siegel Hanson LLP and McClelland Law Firm, P.C., as Class Counsel.

7. The Court approves Analytics Consulting LLC as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

8. The Court finds that the settlement notice sent to the Class Members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, the process of how settlement payments would be distributed, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at

the Final Approval Hearing. The settlement notice also adequately informed the Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the settlement notice provided to the Class members satisfied the requirements of Federal Rule of Civil Procedure 23(e)(1)(B).

9. On February 19, 2026, the Court held a fully noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether the parties' Settlement Agreement should be given final approval; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel for the Settlement Class and whether and in what amount to award individual statutory damages and an Incentive Award to the Class Representatives. No member of the Class filed any objections to any aspect of the Settlement Agreement, either with counsel or with the Court; nor did any member of the Class appear at the Final Approval Hearing despite the Hearing being fully noticed.

10. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court finds that the settlement memorialized in the Settlement Agreement, and filed with the Court is fair, reasonable, and adequate

4

and in the best interests of the Class Members. The Settlement Agreement is therefore granted final approval for the reasons stated in Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, their supporting brief, and Counsel's oral presentation at the Final Approval Hearing.

11. The Settlement Agreement is also fair, reasonable, and adequate pursuant to the factors set forth by the Third Circuit Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), each of which supports this conclusion.

12. The Court finds that: (a) the strength of the Named Plaintiffs' and Settlement Class Members' claims weighed against the defenses of Defendant and the complexity, length, and expense of further litigation, support approval of the settlement; (b) the Maximum Settlement Fund of $2,300,000 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims of the Named Plaintiffs' individual claims and the claims of the Settlement Class; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties with the assistance of a mutually agreed upon independent mediator; (d) the support for the Settlement expressed by Class Counsel and Defense

Counsel, who were fully informed of the facts and circumstances of this litigation, of the strengths and weaknesses of their respective positions, and have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the settlement; (e) the absence of any objections to or requests for exclusion from the Settlement by Class Members supports approval of the settlement; (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation; and (g) the common fund represents over 98% of the unpaid wages at issue and the average settlement payment—net of all fees and costs—is estimated to exceed $2,100 and no Class Member will recover less than $100, specifically only eight (8) Class Members will receive $100.

13.    The settlement resolves a bona fide dispute over FLSA provisions, is fair and reasonable to all Class Members, and does not frustrate implementation of the FLSA in the workplace. *See Hunter v. M-B Cos.*, No. 19-cv-04838, 2020 WL 4059898 at *2, (E.D. Pa. July 20, 2020) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); 29 U.S.C. § 216(b).

14. The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

15. Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any unclaimed funds shall be transferred by the Settlement Administrator to the unclaimed property fund of the state where the Class Members worked to be held for that Class Member in exchange for their release of claims as part of the Settlement Agreement.

16. The Court further approves the release of FLSA claims for Class Members who negotiate their settlement checks as a fair and reasonable resolution of a *bona fide* dispute.

17. The Settlement Administration Costs of $13,797 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement.

18. For the reasons stated in Plaintiffs' Unopposed Motion for an Award of Attorneys' Fees and Costs to Class Counsel and Service Awards to Named Plaintiffs and supporting brief, the Court finds the award of fees and costs are reasonable under the Third Circuit's factors in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 336-40 (3d Cir. 1998). Specifically, (a) Class Counsel achieved a favorable result for the Class; (b) no Class Members objected to Class Counsel's fee request; (c) Class Counsel is uniquely skilled and efficient in prosecuting casino wage and hour cases; (d) the case was complex; (e) Class Counsel took the case on a contingent fee basis and expended just under 500 hours in prosecution of the case, with no guarantee of compensation; (e) Class Counsel was not assisted by any third party in the investigation and litigation of this case; and (f) the expenses incurred were reasonable and necessary.

19. Pursuant to Rule 23 and the terms of the Settlement Agreement, the Court hereby awards Class Counsel one-third of the settlement fund as attorneys' fees ($766,666.66) and reimbursement of $7,439.93 in advanced litigation expenses and will receive such payment

from the Qualified Settlement Fund according to the procedures set forth in the Settlement Agreement. *See Johnson v. Cmty. Bank N.A.*, No. 3:12-CV-01405, 2013 WL 6185607 *8 (M.D. Pa. Nov. 25, 2013)

20. The Court further approves a $10,000 service award for both Named Plaintiffs Mak and Neidig, payable pursuant to the terms of the Settlement Agreement. This amount is fair and reasonable because Ms. Mak and Mr. Neidig actively participated in the investigation, prosecution, and settlement of this case, and undertook a reputational risk attaching their names to a complaint against a current employer.

21. The Court orders that any Class Employee who did not timely submit a written request to opt-out of the settlement is bound by the terms of the Settlement Agreement and fully releases and discharges the Defendant and the Released Parties from the Released Claims, but that such Class Members have not released and discharged the Defendant and the Released Parties from the released FLSA Claims unless and until such Class Members negotiate their Settlement Checks.

22. The Court orders that any Class Member who negotiates his or her Settlement Check shall be deemed to have consented to join this litigation and is bound by the terms of the Settlement Agreement and

fully releases and discharges the Defendant and the Released Parties from the Released FLSA Claims upon such negotiation of his or her Settlement Check.

23. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the Fair Labor Standards Act, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; (b) of an adjudication of the merits of this Litigation; (c) of an adjudication of any of the matters subject to the Releases in the Settlement Agreement; (d) that any party has prevailed in this case; or (e) that Defendant, or the Released Parties have engaged in any wrongdoing.

24. The Court grants final approval of the settlement in all respects and directs the parties to effectuate the terms of the Settlement Agreement.

25. For the reasons stated herein, Plaintiffs' Unopposed Motion to Grant Final Approval of Class Action Settlement, Doc. 62, as well as

Plaintiffs' Unopposed Motion for an Award of Attorney's Fees and Costs to Class Counsel and Service Award to Named Plaintiffs, Doc. 60, are **GRANTED**.

26. This action is **DISMISSED WITH PREJUDICE** without fees or costs to any party except as provided in the Settlement Agreement.

27. The Clerk is directed to **CLOSE** this case.

Dated: February 24, 2026      ***s/Joseph F. Saporito, Jr.***
                                                                JOSEPH F. SAPORITO, JR.
                                                                United States District Judge